UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2:18-cv-00465-DCN

| | | |
|---|---|---|
| **Lindy Tidwell,** | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Progressive Financial Services, Inc.** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. This is an action brought by Plaintiff, Lindy Tidwell, for actual and statutory damages, and attorney fees for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and for statutory damages for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq* (hereinafter "TCPA").  Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of South Carolina common law set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, §1332 and §1367.  Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. Plaintiff, Lindy Tidwell, is a resident and citizen of the State of South Carolina, Georgetown County, and is over the age of twenty-one (21) years. Plaintiff is a "consumer" as that term is defined in 15 U.S.C. 1692a(3).

4. Defendant Progressive Financial Services, Inc. (hereinafter referred to as "Progressive") is a Pennsylvania Corporation that may be served with process through its registered agent, Corporation Service Company, 1703 Laurel St., Columbia, SC 29201. Defendant Progressive is a "debt collector" as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts.

## FACTUAL ALLEGATIONS

5. Starting in February, 2017, Defendant Progressive began calling Plaintiff in an attempt to collect alleged debts. Plaintiff has never had an account with Defendant, has never entered into any agreement with Defendant, has never provided any telephone number to Defendant, and has never consented to receive telephone calls on her cellular telephones from Defendant.

6. Defendant Progressive made telephone calls to Plaintiff from at least two different phone numbers in an attempt to collect an alleged debt from Plaintiff. Those numbers were: 800-761-6097 and 800-761-0297.

7. From February, 2017 through August, 2017, Defendant carried out a systematic campaign of harassment against Plaintiff by calling Plaintiff no less than 91 times on her cellular telephone number in an attempt to collect an alleged debt. Every call

      made by Defendant to Plaintiff was in an attempt to collect an alleged debt and was made with the intent and purpose to harass, annoy and/or coerce the Plaintiff into paying an alleged debt, and were made after Plaintiff made clear to Defendant that she wanted all telephone calls to stop.

8.      The relentless telephone calls made by Defendant to Plaintiff in an attempt to collect an alleged debt were all made with the intent to harass, annoy or coerce Plaintiff into paying an alleged debt. These communications invaded Plaintiff's privacy by not allowing her a moment of peace and causing her to live in fear. Plaintiff was forced to endure Defendant's constant harassment, evidencing Defendant's malicious, callous, and complete indifference on the part of Defendant.

9.      Upon information and belief, all of the calls placed to the Plaintiff's cellular telephone by Defendant were made through the use of an automatic telephone dialing system as defined by 47 U.S.C. § 227. The automatic telephone dialing system was evidenced by the fact that Plaintiff continually picked up her telephone and spoke, but was met with only silence while the automatic telephone dialing system attempted to connect the auto-dialed call to a live operator.

10.      Defendant repeatedly called Plaintiff on a number that was assigned to a cellular telephone service. Additionally, Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

11.      Plaintiff did not expressly or impliedly consent to Defendant's placement of telephone

        calls to her cellular telephone by the use of an automatic telephone dialing system pursuant to 47 U.S.C. §227(b)(1)(A).

12. Defendant knew, or should have known, that it was calling Plaintiff's cellular telephone numbers without express consent. Additionally, any consent Defendant claims to have received was expressly revoked by Plaintiff during the telephone calls happened upon her by Defendant.

13. None of Defendant's telephone calls placed to Plaintiff were for emergency purposes as defined by 47 U.S.C. §227 (b)(1)(A)(I).

14. The telephone calls made by Defendant were in violation of 47 U.S.C. §227(b)(1).

15. Additionally, Plaintiff did not receive notice from Defendant within five days of Defendant's first communication with Plaintiff that provided Plaintiff with the amount owed; the name of the creditor; a statement indicating that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and

        address of the original creditor, if different from the current creditor.

16. Plaintiff received no notice of any class litigation and hereby opts out of any class action that is currently pending or that may be filed hereafter.

## COUNT ONE
**(Violation of the Fair Debt Collection Practices Act)**

17. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 16 as if set forth fully herein.

18. Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act with respect to the Plaintiff and an alleged consumer debt. Defendant is a debt collector as that term is defined in 15 U.S.C. 1692a(6) and is regularly engaged in the collection of debts owed to others.

19. Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

20. Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce her into paying a debt in violation of §1692d(5).

21. Defendant violated §1692g(a) by failing to provide Plaintiff written notice containing the amount owed; the name of the creditor; a statement indicating that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; within five days of Defendant's initial communication with Plaintiff.

22. As a proximate result of Defendant's actions, the Plaintiff was caused to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which she seeks the maximum statutory damages, actual damages, plus attorneys' fees and costs.

## COUNT TWO
**(Violation of the Telephone Consumer Protection Act)**

23. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 22 as if set forth fully herein.

24. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation,

pursuant to 47 U.S.C.§ 227(b)(3)(B).

## COUNT THREE
### (Violation of the Telephone Consumer Protection Act)

26. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 25 as if set forth fully herein.

27. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, the Plaintiff is entitled to treble damages, as provided by statute, of $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).

## COUNT FOUR
### (Invasion of Privacy)

29. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5through 28 as if set forth fully herein.

30. South Carolina state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff.

31. Defendant intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with telephone calls to collect an alleged debt.

32. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency that they were outrageous, caused Plaintiff serious mental suffering and invaded the Plaintiff's privacy.

33. The conduct of the Defendant in engaging in the systematic campaign of harassment by repeatedly telephoning the Plaintiff demonstrates Defendant's blatant and shocking disregard for Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34. As a result of the intrusions and invasions into Plaintiff's privacy, the Plaintiff is entitled to compensatory damages in an amount to be determined by a struck jury.

35. Additionally, as all of the acts undertaken and performed by the Defendant and its employees and/or agents were committed with malice, intent, wantonness, and recklessness, the Plaintiff is also entitled to punitive damages from the Defendant in an amount to be determined by a struck jury.

### COUNT FIVE
### (Negligent Training and Supervision)

36. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 35 as if set forth fully herein.

37. Defendant owed the Plaintiff a duty to properly train and supervise its employees to ensure compliance with state laws. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which

was directed at and visited upon the Plaintiff would not have occurred.

38. Defendant knew or should have known that the conduct of their employees, agents, and/or assigns was improper and was in violation of the FDCPA, TCPA and South Carolina law.

39. Defendant negligently failed to train and supervise their employees, agents, and/or assigns in order to prevent said improper conduct.

40. As a result of the Defendant's negligence, the Plaintiff suffered fear, frustration, humiliation, loss of sleep, anxiety, worry, nervousness, physical sickness, headaches, physical and mental suffering, pain, and anguish for which she seeks compensatory damages.

## COUNT SIX
### Reckless and Wanton Training and Supervision

41. Plaintiff hereby adopts all of the allegations set forth in paragraphs 5 through 40 as if set forth fully herein.

42. Defendant owed the Plaintiff a duty to properly train and supervise its employees to ensure compliance with state laws. Defendant knew or should have known of their inadequate training and supervision. If Defendant had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein which was directed at and visited upon the Plaintiff would not have occurred.

43. Defendant knew or should have known that the conduct of its employees, agents, and/or assigns was improper and in violation of the FDCPA, the TCPA, and South

Carolina law.

44. Defendant recklessly and wantonly failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

45. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish for which she seeks compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include the Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars for Plaintiff, as well as attorney's fees and costs;

B. Statutory damages of $500.00 from Defendant for each and every negligent violation of the TCPA;

C. Treble statutory damages of $1,500.00 for each and every call made to the Plaintiff's cell phone by Defendant as each and every call was a knowing and/or willful violation of 47 U.S.C. §227 *et seq.*;

D. For compensatory and punitive damages in an amount to be determined by a

struck jury for Defendant's invasion of privacy, negligent training and supervision, and reckless and wanton training and supervision;

E. For this matter to be heard by a jury; and

F. For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed ID No 10323
William K. Geddings, Fed ID No 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Progressive Financial Services, Inc.
c/o Corporation Service Company - Registered Agent
1703 Laurel St.
Columbia, SC 29201